837 P.2d 1129

**In the Matter of a Member of the State Bar of Arizona, James Francis KEEFE, Respondent.**

**No. SB-92-0047-D.**

Supreme Court of Arizona.

Sept. 24, 1992.

Greg Clark, for respondent.

Nancy A. Greenlee, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, for State Bar of Arizona.

## JUDGMENT AND ORDER OF SUSPENSION AND PROBATION

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that JAMES FRANCIS KEEFE, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of six months, effective as of April 14, 1992, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that, upon his reinstatement to the State Bar of Arizona, JAMES FRANCIS KEEFE shall be placed on probation for a period of two years, under the following terms and conditions:

1. Respondent shall attend once per week the continuing care group of the Membership Assistance Program of the State Bar.

2. Respondent shall attend Alcoholics Anonymous three times per week, and Respondent shall have an Alcoholics Anonymous sponsor.

3. Respondent shall obtain a sobriety monitor.

4. Respondent shall obtain a practice monitor who shall meet with Respondent every month for the first year to review all of Respondent's cases and their status. After one year, the State Bar and Respondent shall confer as to whether the contact with the monitor may decrease for the remainder of the probation term. The practice monitor shall report noncompliance to the State Bar.

5. During the period of probation, Respondent shall not engage in any conduct which is a violation of the Rules of Professional Conduct.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, JAMES FRANCIS KEEFE shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against JAMES FRANCIS KEEFE for costs incurred by the State Bar of Arizona in the amount of $290.00, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

Comm. No. 91-1140

In the Matter of

JAMES FRANCIS KEEFE,

a Member of the State

Bar of Arizona, RESPONDENT.

DISCIPLINARY COMMISSION REPORT

(Filed July 9, 1992)

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on May 9, 1992, on an agreement for discipline by consent, pursuant to Ariz.

R.Sup.Ct., Rule 56(a). The agreement, providing for suspension and probation, was filed prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee, in accordance with Rule 53(b).[1]

### Decision

After review of the record on appeal, the Commission, by a vote of seven to one,[2] recommends acceptance of the agreement for discipline by consent providing for a six-month suspension, and further recommends that the effective date of suspension be retroactive to April 14, 1992, the date of Respondent's imprisonment. The suspension shall be followed by a two-year period of probation upon his reinstatement to the Bar, under the terms and conditions set forth herein. Additionally, Respondent shall pay all costs and expenses incurred by the State Bar in the processing of this matter. The Commission unanimously adopts the tender of admissions and agreement for discipline by consent and the joint memorandum in support of the agreement for discipline by consent as its findings of fact and conclusions of law.

### Terms of Probation

After completion of the six-month term of suspension recommended herein, and upon reinstatement under Ariz.R.Sup.Ct., Rule 71, the Commission recommends probation for a period of two years, as previously stated, under the following terms and conditions:

1. Respondent shall attend once per week the continuing care group of the Membership Assistance Program of the State Bar.
2. Respondent shall attend Alcoholics Anonymous three times per week, and Respondent shall have an Alcoholics Anonymous sponsor.
3. Respondent shall obtain a sobriety monitor.
4. Respondent shall obtain a practice monitor who shall meet with Respondent every month for the first year to review all of Respondent's cases and their status. After one year, the State Bar and Respondent shall confer as to whether the contact with the monitor may decrease for the remainder of the probation term. The practice monitor shall report noncompliance to the State Bar.
5. During the period of probation, Respondent shall not engage in any conduct which is a violation of the Rules of Professional Conduct.

### Facts

In May 1991, Respondent was arrested for driving while under the influence and driving with a suspended license. In March 1992, Respondent was convicted of aggravated driving, a class five felony. Respondent received a sentence of six months in prison, followed by a three-year probation.

Respondent has admitted he is an alcoholic, and that his alcoholism contributed to the subject misconduct. After his arrest, Respondent voluntarily sought assistance from the State Bar's Membership Assistance Program, and has been receiving treatment for his addiction.

Respondent conditionally agrees that his conduct was in violation of ER 8.4(b).

### Discussion of Decision

The Commission agrees that Respondent's actions violated ER 8.4(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."

---

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides that when an agreement for discipline is filed prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

2. Commissioner Brown did not participate in these proceedings. Commissioner Bossé, in his dissent, stated that he agreed with the recommended sanction, but did not believe the suspension should run concurrently with Respondent's prison term.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions.* This is the guideline used by the Supreme Court. *In re Rivkind,* 164 Ariz. 154, 791 P.2d 1037, 1040 (1990). The Standards indicate suspension is the proper sanction.

Standard 5.12 provides for suspension when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11[3] and that seriously adversely reflects on the lawyer's fitness to practice.

While the conduct in the present matter did not involve dishonesty or breach of trust, the Commission believes the lack of judgment exhibited by Respondent reflects adversely on his fitness to practice law.

Having determined suspension as the presumptive sanction, the Commission considered existing aggravating and mitigating factors to assist in determining the appropriate length of the suspension to be imposed.

Standard 9.32 lists factors which can be considered in mitigation, many of which are present here. Respondent has no prior disciplinary record, he had no dishonest or selfish motive, he has fully cooperated with the State Bar's investigation into this matter, and he has received other sanctions or penalties as a result of his misconduct. Additionally, Respondent suffers from a chemical dependency (alcoholism), and has made a timely good faith effort to rectify the consequences of his misconduct through his participation in the Membership Assistance Program. Finally, Respondent's willingness to agree to the sanctions proposed in the agreement for discipline is evidence of his remorse.

In aggravation, as listed in Standard 9.22, Respondent engaged in illegal conduct.

The Commission notes that Respondent's sentence includes a three-year period of probation upon his release from prison. Further, upon his reinstatement, Respondent has agreed to be subject to the provisions of a two-year probationary term imposed by the State Bar, which requires participation in both the Membership Assistance Program and Alcoholics Anonymous, and provides for both a practice monitor and a sobriety monitor.

After consideration of the misconduct involved, the mitigating factors, and the terms of the probation to be imposed by the State Bar, which include supervision of both his personal and professional life, the Commission has determined that a suspension of greater than six months would be disproportionate. As Respondent is currently serving a six-month prison term, his practice of law has, necessarily, already been suspended. To impose an additional six-month suspension from the practice of law effective upon his release from prison would, in essence, result in a one-year suspension. Therefore, the majority of the Commission believes a suspension running concurrent with his prison term is appropriate.

The Commission recommends that the agreement for discipline by consent providing for a six-month suspension and a subsequent two-year probation be accepted. Further, the Commission recommends that the effective date of the suspension be retroactive to April 14, 1992, the date of Respondent's imprisonment.

RESPECTFULLY SUBMITTED on July 8, 1992.

/s/  Larry W. Suciu
Larry W. Suciu, Chairman

---

**3.** The elements listed in Standard 5.11 are: intentional interference with the administration of justice; false swearing; misrepresentation; fraud; extortion; misappropriation; theft; the sale, distribution, or importation of controlled substances; the intentional killing of another; an attempt, conspiracy, or solicitation of another to commit any of these offenses; or any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation.